United States District Court

For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

DONALD THOMAS TOSTI,

          Defendant.

_____/

No.  C 09-00973-1 JSW

**ORDER GRANTING UNITED STATES' MOTION TO QUASH DEFENDANT'S SUBPOENA TO FBI**

**INTRODUCTION**

Now before the Court for consideration is the Motion to Quash Defendant's Subpoena to the FBI filed by Plaintiff, the United States of America ("Plaintiff").  Having considered the parties' papers, relevant legal authority, the record in this case, and good cause appearing, the Court finds the matter suitable for disposition without oral argument and HEREBY GRANTS the Government's motion.  The motion hearing set for July 22, 2010, shall be converted to a status hearing, and the parties shall submit a joint status report the Court by no later than July 19, 2010.

**BACKGROUND**

On October 6, 2009, the Government filed an indictment in which it alleges that, on January 19, 2005, Defendant Donald Thomas Tosti ("Tosti") knowingly possessed child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  The charges stem from an investigation that began on or about January 15, 2005, after Tosti brought a computer to a CompUSA store in San Rafael, California for repair.  (*See* Declaration of Owen Martikan ("Martikan Decl."), Ex. 1

United States District Court

For the Northern District of California

1    (Affidavit for Search Warrant at 8-10).)  When the computer technician assigned to do the

2    repairs, Seiichi Suzuki ("Suzuki") opened one of the folders on Tosti's hard drive, he

3    discovered images that "depicted graphic sex scenes involving children and adults."  (*Id.* at 10.)

4    Suzuki stopped work on the computer and called the San Rafael Police Department, and two

5    members of that department responded to CompUSA.  (*Id.*)  The San Rafael Police Department

6    then obtained a search warrant for Tosti's home and, as a result of that search, seized the

7    evidence that supports the pending charge in this case.  After they had conducted the search, the

8    San Rafael Police Department contacted the Federal Bureau of Investigation ("FBI") for

9    assistance.  (*See* Martikan Decl., Ex. 1; Declaration of Elizabeth Casteneda ("Casteneda

10   Decl."), ¶¶ 3-8.)

11         On May 13, 2010, the Court issued an Order granting the Defendant's *ex parte*

12   application pursuant to Federal Rule of Criminal Procedure 17(c), for the issuance of a

13   subpoena *duces tecum* directed to the Custodian of Records of the FBI.  By way of the

14   subpoena, Tosti seeks the production of "[a]ny and all records pertaining to: Any agreements,

15   associations, partnerships, trainings, instructions, and contacts, with COMP USA, 655 Irwin

16   Street #A, San Rafael, California, 94901, and/or it's [*sic*] employees, COMP USA

17   Headquarters, or any other COMP USA store location from the beginning [*sic*] through

18   December, 2006."  (Declaration of Joel D. Dabisch ("Dabisch Decl."), Ex. 1.)

19         The Court shall address additional facts as necessary in the remainder of this Order.

                                          **ANALYSIS**

21         A party seeking the production of documents, prior to trial, by way of a subpoena issued

22   pursuant to Federal Rule of Criminal Procedure 17(c) must demonstrate: "(1) that the

23   documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in

24   advance of trial of due diligence; (3) that the party cannot properly prepare for trial without

25   such production and inspection in advance of trial and that the failure to obtain such inspection

26   may tend unreasonably to delay the trial; and (4) that the application is made in good faith and

27   is not intended as a general 'fishing expedition.'"  *United States v. Nixon*, 418 U.S. 683, 699-

28   700 (1974).

1   Rule 17(c)(2) provides that "[o]n motion made promptly, the court may quash or modify

2   the subpoena if compliance would be unreasonable or oppressive." "Federal courts have

3   recognized various ways in which a subpoena may be unreasonable or oppressive under Rule

4   17(c)," such as when a subpoena calls for production of irrelevant documents, is overly vague

5   or excessively broad. *In re Grand Jury Subpoena for THCF Medical Clinic Records*, 504 F.

6   Supp. 2d 1085, 1088 & ns. 1-4 (E.D. Wash. 2007) (citing cases).

7   Tosti bears the burden of showing that the material he has subpoenaed satisfies the

8   *Nixon* factors. Assuming, without deciding, that Tosti has met his burden with respect to the

9   last four factors, given the Government's factual proffer, the Court is not satisfied that Tosti has

10   established that the documents sought from the FBI would be relevant. Tosti seeks production

11   of these materials in connection with an anticipated motion to suppress based on the theory that

12   CompUSA acted as a government agent, rather than as a private actor. "A private person

13   cannot act unilaterally as an agent or instrument of the state; there must be some degree of

14   governmental knowledge and acquiescence. In the absence of such official involvement, a

15   search is not governmental." *United States v. Sherwin*, 539 F.2d 1, 6 (9th Cir. 1976); *see also*

16   *United States v. Walther*, 652 F.2d 788, 792 (9th Cir. 1981) ("two of the critical factors in the

17   'instrument or agent' analysis are: (1) the government's knowledge and acquiescence, and (2)

18   the intent of the party performing the search").

19   The Government has presented evidence that the FBI had no involvement in the search

20   at issue in this case, or with the investigation, until after the evidence was seized from Tosti's

21   home. Tosti has not countered this evidence. Thus, even if Tosti could proffer that CompUSA

22   employees received some training on how to handle suspected child pornography, it is not clear

23   that the requested documents would be relevant to show that the *FBI* knew of and acquiesced in

24   CompUSA's search of *Tosti*'s computer. *Cf. United States v. Richardson*, __ F.3d __, 2010 WL

25   2340233 (4th Cir. June 11, 2010) (noting that even if documents were relevant to proving up an

26   agency relationship between AOL and the government, the defendant's subpoena lacked

27

28

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1    "specificity," and thus, defendant was "merely fishing for evidence that might support his

2    theory, as if he were in the discovery phase of a civil action").

3         Furthermore, even if Tosti has met his burden with respect to relevancy, the Court

4    concludes that the Government has met its burden to show that production of the requested

5    documents would be unreasonable.  Although the parties engaged in discussions in an effort to

6    narrow the scope of the subpoena, Tosti asserts that he is unwilling to limit the geographic

7    scope or temporal period set forth in the subpoena because of the delay between the seizure of

8    the evidence and the date on which he was indicted.  The Court, however, does not find Tosti's

9    arguments regarding the need for documents relating to stores other than the one at which

10   Tosti's computer was searched to be persuasive.  His arguments regarding the need for

11   documents postdating the search are similarly unpersuasive.  Thus, the Court finds that the

12   subpoena, on its face, is overly broad and, on that basis, GRANTS the Government's motion to

13   quash.[1]

14        **IT IS SO ORDERED.**

15

16   Dated: July 12, 2010                                   _____
                                                            JEFFREY S. WHITE
17                                                          UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

---

28   [1]        To the extent the Court would be inclined to modify the subpoena to narrow the geographic and temporal scope of the subpoena, the Government presents evidence that there are no documents that are responsive to Tosti's request.  (Dabisch Decl. ¶¶ 8-10.)

4