In order to prevail on this motion, Dr. Tosti must "satisfy both prongs of a two-part test." *Corona-Verbera*, 509 F.3d at 1112. First, Dr. Tosti "must prove 'actual, non-speculative prejudice from the delay.'" *Id.* (quoting *Huntley*, 976 F.2d at 1290). If Dr. Tosti meets his burden on the first prong, then "the length of the delay is measured against the reasons for the delay, and [Dr. Tosti] must show that the delay offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Id.* (internal quotation marks and citations omitted).

**B.     Dr. Tosti Has Not Met His Burden to Show Actual Prejudice.**

The Ninth Circuit has "held that establishing prejudice is a 'heavy burden' that is rarely met.'" *Corona-Verbera*, 509 F.3d at 1112 (quoting *Huntley*, 976 F.2d at 1290). Dr. Tosti argues that he has established actual prejudice on the basis that "the Court denied his recent motion to suppress ... because Dr. Tosti did not himself file a declaration setting forth what occurred based on his own personal recollection." (Mot. at 6:11-15.) The Court disagrees.

As Dr. Tosti notes, to establish actual prejudice, "the defendant must show that the loss of testimony meaningfully has impaired his ability to defend himself." *Huntley*, 976 F.2d at 1290. Contrary to Dr. Tosti's argument, the Court did not deny the request for an evidentiary hearing solely because Dr. Tosti did not himself submit a declaration in support of the motion. Rather, the Court found that the twelve minute period during which the Detectives left the room and the alleged discrepancies in the declarations alone were insufficient to create a genuine issue of material fact as to whether the Detectives searched the Dell Dimension 4300 without a warrant. Dr. Tosti contends that his memory has faded to the point that he does not recall which images the Detectives showed him on January 19, 2005. However, Dr. Tosti has not convinced the Court that there were no other means available to demonstrate that the images the Detectives showed him were not the same images Detective Rudolph photographed on January 15, 2005. He also has not convinced the Court that there were no other means available to him to show that the Detectives conducted a further search of the Dell 4300 Dimension before they obtained a warrant.

4