United States District Court

For the Northern District of California

1
2
3
4
5

**NOT FOR PUBLICATION**

6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

UNITED STATES OF AMERICA,

                No.  CR 09-00973-1 JSW

10

       Plaintiff,

**ORDER DENYING MOTION TO DISMISS COUNT ONE DUE TO PREJUDICIAL PRE-INDICTMENT DELAY**

11

  v.

12

DONALD THOMAS TOSTI,

**(Docket No. 153)**

13

       Defendant.

14

                      /

15

**INTRODUCTION**

16

This matter comes before the Court upon consideration of the Motion to Dismiss Count

17

One due to Prejudicial Pre-Indictment Delay, filed by Defendant Donald Tosti ("Dr. Tosti").

18

The Court has considered the parties' papers, relevant legal authority, and the record in this

19

case, and it finds the matter suitable for disposition without oral argument.  The hearing

20

scheduled for June 23, 2011 is VACATED, and the Court DENIES the motion.

21

**BACKGROUND**

22

The Court has recounted the facts and procedural history underlying this litigation in

23

several prior orders.  On October 6, 2009, the Government filed the original indictment in this

24

case, in which it alleged that on or about January 19, 2005, Dr. Tosti knowingly possessed child

25

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  On November 24, 2010, the

26

Government filed a Superseding Indictment, in which it alleged that on or about January 19,

27

2005, and on or about October 15, 2009, Dr. Tosti knowingly possessed child pornography, in

28

violation of 18 U.S.C. 2252(a)(4)(B).

Count One of the Superseding Indictment is based on allegations that, on January 14, 2005, Dr. Tosti brought a Dell Dimension 4300 desktop computer (the "Dell Dimension 4300"), to a CompUSA store in San Rafael, California to be repaired.  On January 15, 2005, CompUSA employee, Seiichi Suzuki ("Mr. Suzuki"), attempted to repair Dr. Tosti's Dell Dimension 4300, discovered images of suspected child pornography, and called the San Rafael Police Department to report his discovery.  Detectives George Schikore and Ed Rudolph responded to CompUSA, viewed the file folder and images that caused Mr. Suzuki to call the police, and seized the Dell Dimension 4300.

The San Rafael Police Department subsequently secured a search warrant for the Dell Dimension 4300 seized at CompUSA, Dr. Tosti's residence, Dr. Tosti's office, and two vehicles registered to Dr. Tosti and his wife.  While the San Rafael Police Department executed the Search Warrant, Detective Aimaq and Detective Gonzales interviewed Dr. Tosti at the San Rafael Police Department.  According to the Interview Summary, the Detectives left the interview room for approximately 12 minutes and, when they returned, Detective Gonzales showed Dr. Tosti images taken "from" the Dell Dimension 4300.  The Detectives also showed Dr. Tosti an image that the Detectives stated were from the "Baby J" series of child pornography.

Dr. Tosti filed a third motion to suppress evidence on February 3, 2011.  Based on the statements in the Interview Summary, set forth above, and the twelve minute period they were out of the interview room, Dr. Tosti argued that an evidentiary hearing was necessary to determine whether Detectives Aimaq and Gonzales conducted a further pre-warrant search of the Dell 4300 Dimension.

On March 30, 2011, the Court issued a Notice of Tentative Ruling and Questions for Hearing.  (Docket No. 148.)  In that Notice, the inquired whether Dr. Tosti had been given the opportunity to review in discovery the photos that were shown during the interview on January 19, 2005, and whether he had been given the opportunity to review the photos taken by Detective Rudolph of the Defendant's computer screen at CompUSA.

United States District Court

For the Northern District of California

On April 20, 2011, this Court denied Dr. Tosti's motion to suppress evidence and for return of property. (*See* Docket No. 150.) In that Order, the Court denied the request for an evidentiary hearing, because it concluded that Dr. Tosti had not met his burden to show that there were material facts in dispute regarding his contention that Detectives Aimaq and Gonzales searched the Dell Dimension 4300 Desktop without a warrant. The Court stated that:

> Dr. Tosti has not put forth any evidence to suggest that the images the Detectives showed him on January 19, 2005, were not the photographs of the images that Detective Rudolph took from the Dell Dimension 4300's screen at the time he responded to Mr. Suzuki's phone call. Further, at the hearing on this motion, Dr. Tosti acknowledged that he has had the opportunity to review the photographs that were shown to him in his interview, as well as the photographs that Detective Rudolph took of the images on the screen of the Dell Dimension 4300 at CompUSA. Dr. Tosti failed to offer any persuasive evidence or argument that these two sets of images are different.

(Docket No. 150, Order at 7:6-13.)[1]

As a result of this ruling, Dr. Tosti now moves to dismiss Count One of the Superseding Indictment.

## ANALYSIS

**A.    Applicable Legal Standard.**

"'The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive pre-indictment delay.'" *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989)). Although, the delay between the commission of a crime and the return of an indictment is, in general, limited by the applicable statute of limitations, "in some circumstances the Due Process Clause requires dismissal of an indictment brought within the limitations period." *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992).

---

[1]    Dr. Tosti asks that the Court correct the Order on the motion to suppress to reflect the fact that counsel stated at the hearing that "he had been shown copies of the photographs taken of the computer screen while it was still at CompUSA, but that he had been provided with no evidence that those photographs were the same images shown during the interview." (Mot. at 3 n.1.) The transcript will reflect counsel's answers to the Court's question. The Court denies the request to correct the Order, because neither Dr. Tosti nor his counsel have stated that they have not been provided with an opportunity to review the images shown to Dr. Tosti during his interview with Detectives Gonzales and Aimaq.

1    In order to prevail on this motion, Dr. Tosti must "satisfy both prongs of a two-part

2    test." *Corona-Verbera*, 509 F.3d at 1112.  First, Dr. Tosti "must prove 'actual, non-speculative

3    prejudice from the delay.'" *Id.* (quoting *Huntley*, 976 F.2d at 1290).  If Dr. Tosti meets his

4    burden on the first prong, then "the length of the delay is measured against the reasons for the

5    delay, and [Dr. Tosti] must show that the delay offends those fundamental conceptions of

6    justice which lie at the base of our civil and political institutions."  *Id.* (internal quotation marks

7    and citations omitted).

8    **B.    Dr. Tosti Has Not Met His Burden to Show Actual Prejudice.**

9    The Ninth Circuit has "held that establishing prejudice is a 'heavy burden' that is rarely

10   met.'" *Corona-Verbera*, 509 F.3d at 1112 (quoting *Huntley*, 976 F.2d at 1290).  Dr. Tosti

11   argues that he has established actual prejudice on the basis that "the Court denied his recent

12   motion to suppress ... because Dr. Tosti did not himself file a declaration setting forth what

13   occurred based on his own personal recollection."  (Mot. at 6:11-15.)  The Court disagrees.

14   As Dr. Tosti notes, to establish actual prejudice, "the defendant must show that the loss

15   of testimony meaningfully has impaired his ability to defend himself."  *Huntley*, 976 F.2d at

16   1290.  Contrary to Dr. Tosti's argument, the Court did not deny the request for an evidentiary

17   hearing solely because Dr. Tosti did not himself submit a declaration in support of the motion.

18   Rather, the Court found that the twelve minute period during which the Detectives left the room

19   and the alleged discrepancies in the declarations alone were insufficient to create a genuine

20   issue of material fact as to whether the Detectives searched the Dell Dimension 4300 without a

21   warrant.  Dr. Tosti contends that his memory has faded to the point that he does not recall which

22   images the Detectives showed him on January 19, 2005.  However, Dr. Tosti has not convinced

23   the Court that there were no other means available to demonstrate that the images the Detectives

24   showed him were not the same images Detective Rudolph photographed on January 15, 2005.

25   He also has not convinced the Court that there were no other means available to him to show

26   that the Detectives conducted a further search of the Dell 4300 Dimension before they obtained

27   a warrant.

28

**United States District Court**
For the Northern District of California

4

Thus, Dr. Tosti has not demonstrated that his "fading memory" has "meaningfully impaired his ability to defend himself" in this case, and he has not demonstrated actual prejudice.  For this reason, the Court does not reach the second prong of the analysis.

## CONCLUSION

For the foregoing reasons, Dr. Tosti's motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 15, 2011

          JEFFREY S. WHITE
          UNITED STATES DISTRICT JUDGE